# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

ON REHEARING

NO. 03-12-00538-CR

Cheri Lucille Howard, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
NO. 69690, THE HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

We withdraw our opinion and judgment issued on February 28, 2013 and substitute the following opinion in place of the earlier opinion.

Appellant Cheri Lucille Howard appeals from a judgment convicting her of possession of a controlled substance less than one gram, enhanced. *See* Tex. Health & Safety Code Ann. § 481.115 (West 2010).

Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75

(1988). Appellant received a copy of counsel's brief and was advised of her right to examine the appellate record and to file a pro se brief. *See Anders*, 386 U.S. at 744. Appellant has filed letters with the Court. Although she raises the failure to receive effective counsel as a possible ground for appeal, she requests that the appeal be dismissed. We have independently reviewed the record and find no reversible error. *See Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We agree with appellant's counsel that the record reflects no arguably meritorious grounds for review and that the appeal is frivolous.

However, as pointed out by appellant's counsel in his brief, the judgment orders appellant to pay attorney's fees of $450 after release from incarceration. "A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." Tex. Code Crim. Proc. Ann. art. 26.04(p) (West Supp. 2012); *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010). The trial court determined that appellant was indigent, and we find nothing in the record to support a finding that appellant's financial circumstances have materially changed. Therefore, no evidence supports the trial court's order requiring appellant to pay attorney's fees. *See* Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2012). Accordingly, we modify the judgment to reflect that appellant does not owe attorney's fees.

As modified, the judgment of conviction is affirmed and counsel's motion to withdraw is granted.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Goodwin and Field

Modified and, as Modified, Affirmed

Filed:   March 26, 2013

Do Not Publish